IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Clinton Matthew Ivey, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv571 (GBL/TRJ) |
| | ) | |
| Keith W. Davis, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

This matter comes before the Court on review of an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Clinton Matthew Ivey, a Virginia inmate proceeding pro se, challenges the constitutionality of multiple convictions entered in the Circuit Court of the City of Suffolk, Virginia. On December 6, 2013, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Ivey was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

I. Background

On November 5, 2009, Ivey pleaded guilty to statutory burglary, robbery, abduction with intent for pecuniary gain, aggravated malicious wounding, destruction of property, unauthorized use of a vehicle, conspiracy to commit credit card theft, use of a firearm in aggravated malicious wounding, attempted arson, and conspiracy to commit arson of an occupied dwelling, pursuant to a plea agreement. Record Nos. CR09-000520-00, CR09000522-00, CR09000596-00, CR09000597-00, CR09000599-00, CR09000600-00, CR09000603-00, CR09000604-00, CR09000706-00, CR09000836-00. On June 24, 2010, the trial court sentenced Ivey to a total

aggregate sentence of 119 years in prison, with 75 years suspended; placed him on supervised probation for life upon his release; and ordered him to pay restitution.

Ivey appealed his conviction to the Court of Appeals of Virginia, alleging that the trial court erred when it sentenced him above the high end of the sentencing guidelines. The Court of Appeals affirmed the convictions in an unpublished decision entered on February 2, 2013. Ivey v. Commonwealth, R. No. 1632-10-1; Dkt. No. 21-1. Ivey sought further appeal in the Supreme Court of Virginia, which refused the appeal on November 15, 2011. Ivey v. Commonwealth, R. No. 111254.

Ivey then filed a state petition for a writ of habeas corpus on January 6, 2012, in the Circuit Court of the City of Suffolk, Virginia. The court denied and dismissed the petition on May 22, 2012. Case No. CL 12-030. Ivey appealed that decision to the Supreme Court of Virginia, which, after granting him an extension of time, refused his appeal on January 29, 2013. Ivey v. Commonwealth, No. 121614.

On May 1, 2013, petitioner filed the instant petition,[1] principally reiterating the same claims that he raised in his state habeas application.[2] Specifically, Ivey alleges that he was denied effective assistance of both his trial and appellate counsel:

When Trial Counsel:

A1. Failed to properly investigate Ivey's case before advising him to accept a plea agreement.

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Ivey failed to certify the date he placed his petition into the prison mailing system and failed to date his petition. The envelope that Ivey used to mail his petition was post-marked May 1, 2013. As such, his petition will be deemed filed as of this date. Pet. at 14, ECF No. 1.

[2] For continuity, this Court uses the same numbering as Ivey used in his state habeas petition, which is the same numbering the state court used in its opinion denying Ivey's petition.

A2. Failed to object to jurisdiction of serving officer on search warrant along with the arrest warrant.

A3. Failed to appeal the denial of his suppression hearing held on July 16, 2009.

A4. Failed to call witnesses on Ivey's behalf.

A5. Failed to timely go over all the elements of his case to establish a defense before considering a plea agreement.

A6. Failed to obtain complete discovery from the Commonwealth's attorney.

A7. Failed to object to conflicting statements between the Commonwealth's witnesses.

A8. Failed to challenge officer's statement on the time and execution of a search warrant and an arrest warrant.

A9. Failed to properly review the plea agreement with Ivey.

A10. Failed to object to the plea agreement being a violation of Ivey's constitutional rights along with federal and state laws.

B. Failed to withdraw the plea agreement.

A11. Failed to challenge the denial of suppression hearing being a violation of petitioner's constitutional rights.[3]

When Appellate Counsel:

C. Filed a frivolous appeal.

## II. Procedural Bar

Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v.

---

[3] Ivey did not raise this claim in his state habeas petition.

Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Under these principles, Ivey's claims A1-A10, B, and C are procedurally defaulted. Ivey presented these claims to the Supreme Court of Virginia during his appeal from the circuit court's dismissal of his state habeas petition, therefore those claims are exhausted. However, the Supreme Court of Virginia dismissed those claims because the appeal was not perfected as required by Rule 5:17(c)(1)(iii), which requires the appellant to list the specific errors in the lower court proceedings upon which he intends to rely. The Fourth Circuit has held that the procedural rule set forth in Rule 5:17(c) constitutes an adequate and independent state-law ground for decision. See Hendrick v. True, 443 F.3d 342, 360-63 (4th Cir. 2006); Yeatts v. Angelone, 166 F.3d 255, 265 (4th Cir. 1999). Therefore, these claims are procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

A. Claim (11)

Ivey failed to exhaust claim 11 because he did not present it to the Virginia Supreme Court on either direct appeal or state habeas review. In his state habeas petition, Ivey did argue that his trial counsel failed to appeal the denial of his suppression hearing motion, claim 3;

however, in his instant claim he argues

> Attorney's failed [sic] to challenge the denial of suppression hearing being a violation of petitioner's constitutional rights. . . . By denying suppression hearing motions on July 16, 2009, petitioner was scared and forced to take a plea agreement. Rights were violated when facts and law were shown to court and judge went against the law. Attorney Justin Bush nor Adam Carroll filed an appeal or even raised an issue of rights being violated.

See Pet. Handwritten insert at 10-11 of 12. Ivey did not raise this claim to the Supreme Court of Virginia.[4] Nevertheless, this claim is exhausted for purposes of federal review because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

In this case, were Ivey to attempt to now bring this unexhausted claim before the Supreme Court of Virginia, it would be procedurally barred as both untimely and successive, under Virginia Code § 8.01-654(A)(2) and (B)(2), respectively. The Fourth Circuit has held that the procedural default rules set forth in both § 8.01-654(A)(2) and (B)(2) constitute adequate and

---

[4] Ivey did bring a related argument in his claim 3, which argued that his counsel failed to appeal the denial of his motion to suppress. In claim 11, however, Ivey contends that the denial of his motion to suppress violated his "constitutional rights," though Ivey fails to elaborate which rights were violated or how his rights were violated. Even assuming without deciding that his claim 11 is similar enough to his claim 3 to be considered raised before the state court, the Circuit of the City of Suffolk, Virginia denied Ivey's claim 3 on the merits and the Supreme Court of Virginia, dismissed the appeal on procedural grounds. As such, and again assuming that claim 11 is similar enough to claim 3 to be considered raised before the Supreme Court, for the reasons discussed above in Part II, this claim is barred from federal review because claim 3 was procedurally defaulted.

independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Therefore, this claim is simultaneously exhausted and procedurally defaulted from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

B. Ivey's Response

In Ivey's response to respondent's Motion to Dismiss, he argues that the "circuit court along with Supreme Court and Respondent have overlooked claim #11 in state proceedings." Pet'r's Br. in Resp. Resp't's Mot. Dismiss [hereinafter Pet'r's Resp.] 2; docket no. 24. Ivey then directs the court to his state habeas petition "continuance to 14-A page 2 of 2 along with attachment #1 Response to Motion to Dismiss- (enclosed)." Id. He also argues that respondent never states how or why his claims are defaulted "nor does Respondent allow Petitioner the opportunity to correct these claims if they were to be defaulted." Pet'r's Resp. 2. Ivey also submitted a typed response arguing the merits of the instant petition. Docket no. 24.

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In this case, Ivey's arguments do not establish cause and prejudice or a fundamental miscarriage of justice. Claim 11 was not included in his state proceeding and the "attachment #1" to which he directs the Court was not attached. Even assuming without deciding that his claim 11 was properly raised in his state habeas proceeding but overlooked by the circuit court, the Circuit Court of the City of Suffolk, Virginia rejected Ivey's claims on the merits and the Supreme Court of Virginia dismissed Ivey's appeal because the appeal was not perfected as required by Rule 5:17(c)(1)(iii), as discussed above. As such, even if Ivey did raise this claim in the state habeas action it would have still been defaulted because his appeal was not perfected as required by Rule 5:17(c)(1)(iii).

Furthermore, Ivey's arguments that respondent never stated how or why his claims were defaulted are without merit. Respondent provided this information in his brief supporting his motion to dismiss. Br. Supp. Mot. Dismiss 4-5. Thus, Ivey was placed on notice of the default, and he has failed to make a showing of cause and prejudice in his reply sufficient to excuse his procedural default.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted and this petition must be dismissed as procedurally defaulted. An appropriate Order shall issue.

Entered this _30th_ day of _July_ 2014.

Alexandria, Virginia

_/s/_
Gerald Bruce Lee
United States District Judge